UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAYMUNDO RODRIGUEZ, #92738-380 | § § § | |
| Movant, | § § | |
| | § | SA-19-CV-1167-XR |
| v. | § | SA-17-CR-699-XR-3 |
| | § | |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

ORDER

Before the Court is Movant Raymundo Rodriguez's *pro se* Motion pursuant to 28 U.S.C.

§ 2255 ("Section 2255 Motion") to vacate, set aside, or correct his sentence imposed following a

conviction for conspiracy to possess with intent to distribute methamphetamine (ECF No. 117);

the Government's Response in opposition thereto (ECF No. 122); and Rodriguez's Reply (ECF

No. 123). For the following reasons, the Section 2255 Motion is **DENIED**.

BACKGROUND

While on probation for an Illinois state conviction for possession of a controlled substance,

Rodriguez became involved in a conspiracy to distribute more than 500 grams of

methamphetamine in the San Antonio, Texas area. On September 6, 2017, a federal grand jury

charged Rodriguez and two co-conspirators with conspiracy to distribute and possess with intent

to distribute 500 grams or more of a substance containing a detectable amount of

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count One) and

aiding and abetting the possession with intent to distribute 500 grams or more of a substance

containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1(A), and 18 U.S.C. § 2 (Count Two). (ECF No. 25).

1

Rodriguez pleaded guilty to Count One of the Indictment pursuant to a Plea Agreement. (ECF No. 73). In exchange for Rodriguez's guilty plea, the Government promised to move to dismiss Count Two. The Government further agreed not to oppose a total three-level downward adjustment for acceptance of responsibility.

Thereafter, a U.S. probation officer prepared a Pre-Sentence Report (PSR). (ECF No. 97). The PSR assessed a base offense level of 32 pursuant to U.S.S.G. § 2D1.1(c)(4) because Rodriguez's conduct involved 1.978 kilograms of methamphetamine. (*Id.* at ¶ 15). The PSR further applied a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 29. (*Id.* at ¶¶ 22-24). The PSR further assessed two criminal history points pursuant to § 2D1.1(c)(4) based on Rodriguez's 2016 Illinois conviction for possession of 900 grams or more of cocaine. (*Id.* at ¶ 27). Because Rodriguez committed the offense in this case while on probation in the Illinois state case, the PSR assessed two additional points pursuant to § 4A1.1(d), for a total criminal history score of four. (*Id.* at ¶ 29). A criminal history score of four established a criminal history category of III. (*Id.* at ¶ 30).

Rodriguez faced a statutory minimum mandatory term of imprisonment of ten years and a maximum of life. (*Id.* at ¶ 47). With a total offense level of 29 and a criminal history category of III, Rodriguez faced a Guidelines imprisonment range of 108 months to 135 months. (*Id.* at ¶ 48). However, because the statutorily authorized minimum sentence of ten years is greater than the minimum of the Guidelines range, the Guidelines range became 120 months to 135 months pursuant to § 5G1.1(c)(2). (*Id.*).

On September 26, 2018, this Court sentenced Rodriguez to a term of 87 months of imprisonment, five years of supervised release, and a $100 special assessment. (ECF No. 103). The Court dismissed Count Two of the Indictment on the Government's motion. Rodriguez did

not file a direct appeal. Rodriguez timely filed the instant Section 2255 Motion asserting that his counsel rendered ineffective assistance during the sentencing phase of his case.

## LEGAL STANDARDS

A federal defendant may move to vacate, set aside, or correct his sentence if: (1) the imposition of the sentence was in violation of the Constitution or the laws of the United States; (2) the District Court that imposed the sentence lacked jurisdiction; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Thus, § 2255 post-conviction relief is reserved for errors of constitutional dimension and other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a complete miscarriage of justice. *See, e.g., United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996).

To successfully state a claim of ineffective assistance of counsel under *Strickland*, a prisoner must demonstrate counsel's performance was deficient and the deficient performance prejudiced his defense. *Id.* at 687. The failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696.

The proper standard for attorney performance is that of reasonably effective assistance. *Id.* at 688. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that, considering all the circumstances, counsel's representation fell below an objective standard of reasonableness. *Id.* A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Id.* at 687–89.

To determine whether counsel's performance was constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Id.* at 689. An attorney's strategic choices, usually based on information supplied by defendant and from a thorough examination of relevant facts and law, are virtually unchallengeable. *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999). To establish prejudice in the sentencing context, the prisoner must establish a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would have received less time in prison. *See United States v. Grammas*, 376 F.3d 433, 436–8 (5th Cir. 2004); *Glover v. United States*, 531 U.S. 198, 203 (2001).

## DISCUSSION

In his sole ground for relief, Rodriguez asserts that his counsel rendered ineffective assistance for failing to object to the PSR's criminal history calculation. Specifically, Rodriguez argues that his prior Illinois conviction for possession of cocaine should not have been counted toward his criminal history because the conviction was a civil violation. (ECF No. 117 at 4).

Rodriguez's claim is meritless. On June 9, 2016, Rodriguez pleaded guilty in Case No. 2015-CF-1252 to possession of a controlled substance, a Class One criminal felony under the Illinois Controlled Substances Act. 720 ILCS 570/402(a)(2)(D). Because his offense involved 900 grams or more of a substance containing cocaine, Rodriguez faced a minimum term of imprisonment of ten years and a maximum of fifty years under the statute. *Id.* Rodriguez was sentenced to 185 days of imprisonment in the Sangamon County Jail (with credit for 185 days of time served) and four years of probation. He was also assessed a fee.

Pursuant to U.S.S.G. § 4A1.1(b), the PSR assessed two criminal history points based on Rodriguez's Illinois conviction. (ECF No. 97 at ¶ 27). Section 4A1.1(b) provides that "[t]wo points

4

are added for each prior sentence of imprisonment of at least sixty days not counted in § 4A1.1(a)."

Under the Guideline, a "prior sentence" means any sentence previously imposed upon adjudication

of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant

offense. § 4A1.2(a). A "sentence of imprisonment" means a sentence of incarceration and refers

to the maximum sentence imposed. § 4A1.2(b). Section 4A1.1(d) provides for the application of

an additional two points if the defendant committed the instant offense while under any criminal

justice sentence, including probation, parole, supervised release, imprisonment, work release, or

escape status.

Because Rodriguez's Illinois conviction resulted in a sentence of imprisonment of at least

sixty days, the two-point assessment was properly applied under U.S.S.G. § 4A1.1(b). Moreover,

because Rodriguez committed the offense in this case while on probation for the Illinois

conviction, the PSR properly assessed two additional points under § 4A1.1(d). Rodriguez's

counsel was therefore not ineffective for declining to make what would have been a meritless

objection. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (Counsel's failure to raise a frivolous

objection is not ineffective assistance and is not grounds for relief under § 2255).

Records submitted by Rodriguez show that on June 6 and June 10, 2019, after Rodriguez

was sentenced in the instant case, the Sangamon County State's Attorney's Office terminated the

Illinois probation sentence in Case No. 2015-CF-1252 as unsatisfied, recalled the bench warrant

for the probation violation, converted the outstanding fine to a civil judgment, and closed the case.

(ECF No. 117 at 13-14). Based on these records, Rodriguez believes that his counsel should have

had the Illinois conviction converted into a civil judgment prior to Rodriguez's sentencing in this

case and objected to the PSR's criminal history calculation on the grounds that the Illinois

conviction was a civil violation. Rodriguez's belief is baseless. The drug conviction was a criminal

felony. Accordingly, because an objection on such grounds would have been meritless, counsel was not ineffective for failing to raise it.

Moreover, the record further reflects that counsel's defense strategy both during the plea process and at sentencing resulted in a significant reduction in the potential sentence Rodriguez faced in this case. Rodriguez's counsel negotiated a Plea Agreement in which Rodriguez pleaded guilty to a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) that did not include an enhanced penalty based on his prior Illinois felony drug conviction. In other words, rather than facing a twenty-year minimum mandatory prison sentence, Rodriguez faced a ten-year statutory minimum.[1]

Additionally, the Court granted the Government's Motion for Downward Departure from the statutory minimum and a two-level reduction in the offense level, which resulted in a Guidelines range of 87 to 108 months, rather than the 120 to 135 months calculated in the PSR. At the sentencing hearing, Rodriguez's counsel argued for an additional one-level reduction, which would have placed Rodriguez in the range of 78-97 months. The Court sentenced Rodriguez to 87 months of imprisonment, a fraction of the sentence Rodriguez faced in this case. For these reasons, Rodriguez's ineffective assistance of counsel claim has no merit.

## EVIDENTIARY HEARING

An evidentiary hearing on a § 2255 motion is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *Cervantes*, 132

---

[1] Under the version of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) in effect at the time Rodriguez committed the offense in this case, Rodriguez faced an enhanced statutory minimum term of imprisonment of twenty years and a maximum of life.

F.3d at 1110). Because the issues presented in this case can be resolved on the basis of the record, the Court finds an evidentiary hearing is not required.

**<u>CONCLUSION</u>**

Rodriguez fails to show that his attorney rendered ineffective assistance at sentencing. Accordingly, Rodriguez's Section 2255 Motion is denied.

**<u>CERTIFICATE OF APPEALABILITY</u>**

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the movant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where the Court rejects a movant's constitutional claims on the merits, "the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

In this case, reasonable jurists could not debate the denial of Rodriguez's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not be issued.

Accordingly,

**IT IS ORDERED** that Movant Raymundo Rodriguez's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 117) is **DENIED**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DISMISSED AS MOOT**, and this case is now **CLOSED**.

**FINALLY**, **IT IS ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on this 11th day of August, 2020.

Xavier Rodriguez
United States District Judge